IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDOW CHRYSLER JEEP | : | CIVIL ACTION |
| COMPANY, et al. | : | NO. 06-5093 |
| | : | |
| v. | : | |
| | : | |
| DATASCAN TECHNOLOGIES | : | |

O'NEILL, J.                                                         JUNE  13, 2007

## MEMORANDUM

Plaintiffs Automotive Consultants, Inc.; Autostar Collision Center, Inc.; Brandow

Chrysler Jeep Co.; Brandow's Fairway Chrysler Jeep Dodge, Inc.; Brandow Chevrolet,

Inc.; Express Car and Truck Rental, Inc.; Repete Associates; Wayfare Realty; Route 130

Florence Realty; Florco, Inc.; Mannyco, Inc.; Peter A. Brandow; Andrea Brandow;

Stephen A. Spielman; Louanne Spielman; Manual Brandow and Renee Brandow filed a

complaint in this case against defendant DataScan Technologies.  The plaintiffs allege

breach of contract, negligent misrepresentation, professional negligence, and breach of a

fiduciary duty.  Before me now is defendant's motion to dismiss pursuant to Fed. R. Civ.

P. 12(b)(6), plaintiffs' response, and defendant's reply thereto.

## BACKGROUND

A.      Parties

Plaintiffs Automotive Consultants, Autostar Collision Center, Brandow Chrysler

Jeep, Brandow's Fairway Chrysler Jeep Dodge, Brandow Chevrolet, Express Car and

Truck Rental, Repete Associates, Wayfare Realty and Route 130 Florence Realty

comprise the Brandow Auto Group.  The Brandow Auto Group is a group of independent

companies cooperating to provide automotive services.  The remaining plaintiffs Florco,

Mannyco, Peter A. Brandow, Andrea Brandow, Stephen A. Spielman, Louanne Spielman, Manual Brandow and Renee Brandow are distinct entities or individuals who each maintain an interest in the Brandow Auto Group businesses.

The Brandow Auto Group had a business relationship for more than thirty years with PNC Bank whereby PNC Bank provided floor plan financing to the Brandow Auto Group businesses.[1]  PNC Bank required collateral arrangements from the Brandow Auto Group businesses as a condition of the high-limit floor plan financing. Since 1994, PNC Bank did not require personal guarantees for the floor plan financing.  In conjunction with the collateral guarantees required to secure its financing, PNC Bank required monthly floor plan audits to be performed regarding the Brandow Auto Group businesses.  These audits were performed for many years by PNC Bank using its own personnel.

Defendant DataScan Technologies took over the task of performing the monthly floor plan audits of the plaintiffs' businesses in 2001 or 2002 from PNC Bank.  DataScan markets itself as a firm of specialists offering professional field audit services including monthly floor plan audits and claims to possess industry expertise in floor plan audits. DataScan had entered into an audit agreement with PNC Bank in 1998 by which DataScan was to conduct floor plan audits of PNC Bank customers.

DataScan knew that the monthly floor plan audits of the Brandow Auto Group were contractually required by the financing agreement between PNC Bank and the Brandow Auto Group.  The PNC Bank Vice President in charge of the Brandow Auto

---

[1] A dealer's floor plan is an automobile industry term for a revolving line of credit that uses dealer inventory as collateral.  Pursuant to its floor plan agreement, a dealer is typically required to maintain a certain required level of inventory and to account for the vehicles securing the credit line.  This accounting can be demonstrated by showing that the car has been sold and paid for or that it was removed from the lot for some other specifically permitted purpose.  If a dealership is unable to properly account for its inventory in this manner it is said to be maintaining an "out of trust" position.

Group account advised plaintiffs that DataScan's monthly floor plan audits would help

insure that the Brandow Auto Group businesses would remain in compliance with the

collateral requirements.  Plaintiffs allege that they relied on these audits.

B.    Harm to Plaintiffs

Plaintiffs allege that DataScan did not adequately perform the audits.  DataScan

assigned the same auditor to perform the monthly audits for the eight-month period

ending in July 2004 even though industry standards require auditors to be rotated or

alternated each month.  The Brandow Auto Group was not given monthly audit

summaries during this period.  A new DataScan auditor was assigned the audit in July

2004.  The auditor reported significant inaccuracies in the inventory resulting in the

Brandow Auto Group being in an "out of trust" position with PNC Bank regarding its

collateral requirements.

The complaint asserts that plaintiffs suffered a $10 million loss that was

proximately caused by defendant's conduct.  The loss compelled the individual plaintiffs

to personally guarantee the PNC Bank financing and to expose their personal assets to the

debts and liabilities of the Brandow Auto Group businesses.  Plaintiffs alleged that they

lost an additional $10 million in profits as a result of the audit inaccuracies.  Plaintiffs

allege that for the eight-month period ending around July 2004 they justifiably relied on

the audits to insure their inventory remained "in trust" with their financing arrangement

with PNC Bank.  Plaintiffs further allege that their losses could have been completely or

almost completely prevented if DataScan properly performed these audits.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, plaintiffs may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Nevertheless, in evaluating plaintiffs' pleadings I will not credit any "bald assertions." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Nor will I accept as true legal conclusions or unwarranted factual inferences. Bell Atl. Corp. v. Twombly, 2007 U.S. LEXIS 5901, at *21 (U.S. May 21, 2007).

"Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." Id. at *21-22. "The complaint will be deemed to have alleged sufficient facts if it adequately put defendant on notice of the essential elements of the plaintiff[s'] cause of action." Nami, 82 F.3d at 65. "It is black-letter law that [a] motion to dismiss for failure to state a claim . . . is to be evaluated only on the pleadings." Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 257 (3d Cir. 2004), citing A.D. Bedell Wholesale Co. v. Philip Morris, Inc., 263 F.3d 239, 266 (3d Cir. 2001).

When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Nami, 82 F.3d at 65, citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Thus, a Rule 12(b)(6) motion may be granted only if plaintiffs "can prove no set of facts that would entitle them to relief."  Nami, 82 F.3d at 65, citing Conley, 355 U.S. at 45-46.

Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This rule requires plaintiffs "to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley, 355 U.S. at 45-46.  "A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  Bell Atl. Corp., 2007 U.S. LEXIS 5901, at *21.  Factual allegations in the complaint must merely "be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id.

DISCUSSION

A.    Individual Parties

Defendant asserts that the complaint fails to state a claim on behalf of the nine individuals and entities not comprising the Brandow Auto Group who are listed as plaintiffs.  I find that the complaint meets the requirements set forth in Rule 8(a).  Each of the individual plaintiffs are identified in paragraphs 10 through 18 of the plaintiffs' complaint.  Paragraph 20 defines the collective term "plaintiffs" to include all these individual entities as well as the Brandow Auto Group.

The complaint alleges wrongdoing by defendant and corresponding harm suffered by the collective class of plaintiffs as defined in paragraph 20 including the nine plaintiffs not included in the Brandow Auto Group.  The harm suffered and allegations of wrongdoing specifically regarding the nine individual plaintiffs and entities are detailed in paragraphs 71 and 72 of plaintiffs' complaint.  These paragraphs constitute more than

5

what is required to form a short and plain statement of the claim of those plaintiffs and give defendant a fair notice of the nature and grounds of their claims.  Because Rule 8(a) is satisfied, I will not grant defendant's motion to dismiss the claims of these nine plaintiffs.

B.      Statute of Limitations

Defendant's motion to dismiss asserts that Counts Two, Three and Four of plaintiffs' complaint are barred by the statute of limitations for negligence and other tort actions.  The parties agree that the applicable statute provides a two-year limitations period. 42 Pa. Cons. Stat. § 5524(7) (2007).  Generally "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises." Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983).

An exception known as the "discovery rule" applies where plaintiffs are unable to know of the claim despite the exercise of diligence.  The discovery rule tolls the statute of limitations until plaintiffs discover or reasonably should discover the injury and claim. Id.  Plaintiffs asserting the applicability of the discovery rule bear the burden of showing why it should apply to the pending case.  Cochran v. GAF Corp., 666 A.2d 245, 249 (Pa. 1995).  Evaluating plaintiffs' assertion that the exceptional discovery rule should apply requires an assessment of plaintiffs' ability to identify their claims via the exercise of reasonable diligence.  Pocono Int'l Raceway, 468 A.2d at 471.  I agree with plaintiffs that the question of when an injured party should reasonably be aware of the injury is a question of fact.  Stadtler v. Jackson-Cross Co., 587 A.2d 727, 732 (Pa. Super. Ct. 1991). Therefore to survive this motion plaintiffs need only allege facts tending to show that they were unable to identify their claim through the exercise of reasonable diligence.

To require plaintiffs to employ a second auditor or to perform its own audits in order to learn whether the first auditor's reports are accurate would eliminate the value of allowing companies to rely on the expertise and experience of professional auditors. Id. at 731-732. The facts alleged in the complaint regarding plaintiffs' reliance on DataScan's audit information can be reasonably interpreted to show that plaintiffs were unable to discover the injury until the audit summary reported for July 2004. Therefore, I will not grant defendant's motion to dismiss Counts Two, Three and Four on the basis of the statute of limitations. Defendant's motion will be denied without prejudice to a subsequent motion for summary judgment if discovery discloses that the plaintiffs did not exercise ordinary diligence thereby negating the discovery rule's applicability.

C.     Count One – Breach of Contract

Plaintiffs' claim for breach of contract first presents the issue of whether plaintiffs are third-party beneficiaries of the 1998 Audit Agreement between defendant DataScan and PNC Bank. The Restatement (Second) of Contracts § 302 provides guidance for Pennsylvania courts determining who may be considered a third-party beneficiary of the performance of a contract. Under that test:

> (1) *Unless otherwise agreed between promisor and promisee*, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> (a) The performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> (b) The circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Restatement (Second) of Contracts § 302(1) (1979) (emphasis added), quoted in Scarpitti v. Weborg, 609 A.2d 147, 150 (Pa. 1992).

Plaintiffs cite <u>PNC Bank, Ky. Inc. v. Housing Mortgage Corp.</u>, 899 F. Supp. 1399 (W.D. Pa. 1994), for its assertion that plaintiffs can become third-party beneficiaries because the contracting parties intended that they would rely on audit information furnished in accordance with a contractual agreement between two other parties.  This case can be distinguished based on the contractual language in paragraph 16 of the Audit Agreement of 1998.

Paragraph 16 provides that the agreement is not "entered into for the benefit of any person or entity, including, but not limited to, any Customers of Client [PNC Bank]." This provision expressly disclaims the contracting parties' intention for plaintiffs to be third-party beneficiaries to their agreement.

Defendant cites numerous cases for its proposition that plaintiffs cannot be found to be a third-party beneficiary where a contract specifically states that it is not intended to create third-party beneficiaries at all.  <u>Villanova, Ltd. v. Convergys</u>, 2001 U.S. Dist. LEXIS 11647, at *4-5 (E.D. Pa. April 24, 2001); <u>Banknorth, N.A. v. BJ's Wholesale Club, Inc.</u>, 442 F. Supp. 2d 206, 211 (M.D. Pa. 2006).  I agree with this line of reasoning as it fits squarely with the Restatement § 302 provision above.

Plaintiffs cite <u>State Farm Mutual Auto Ins. Co. v. HHS Assocs., Inc.</u>, 1995 U.S. Dist. LEXIS 18380 (E.D. Pa. December 1, 1995), to support its assertion that the contract provision like the one relied on by defendant does not preclude a court from finding a third-party beneficiary if "compelling circumstances . . . indicate that such is appropriate to effectuate the intention of the parties." <u>Id.</u> at *4 <u>citing</u> <u>Guy v. Liederbach</u>, 459 A.2d 744, 751 (Pa. 1983).  In support of a finding of such "compelling circumstances" plaintiffs rely on language from the Audit Agreement that speaks in general terms about

PNC Bank customers.  I do not agree that such "compelling circumstances" exist because in this case the agreement refers and applies to this class of PNC Bank customers, which includes but is not limited to plaintiffs.  State Farm is distinguishable because in that case the sole purpose of the contract was to benefit plaintiff; in this case the agreement's primary purpose was to benefit PNC Bank rather than plaintiffs.

Therefore, I will grant defendant's motion to dismiss Count One.

D.      Count Two – Negligent Misrepresentation

A claim for negligent misrepresentation traditionally requires plaintiffs to prove: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation."  Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999).

More recently, the Pennsylvania Supreme Court has adopted the Restatement (Second) of Torts § 552 (1977) as a means of "clarifying the contours of the tort as it applies to those in the business of providing information to others."  Bilt-Rite Contractors v. Architectural Studio, 866 A.2d 270, 287 (Pa. 2005).  The elements required by § 552 differ slightly from Bortz, as noted below in the relevant provision:

> (1)  One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
> (2)  Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
> (a)  by the person or one of a limited group of persons for whose benefit and guidance he intends to supply.

Restatement (Second) of Torts §552 (1977); quoted in Bilt-Rite Contractors, 866 A.2d at 287.

"Section 552 imposes a duty of reasonable care upon the supplier of professional information for use by others." Bilt-Rite Contractors, 866 A.2d at 287.  The Pennsylvania Supreme Court adopted "Section 552 as the law in Pennsylvania in cases where information is negligently supplied by one in the business of supplying information . . . and where it is foreseeable that the information will be used and relied upon by third persons, even if the third parties have no direct contractual relationship with the supplier of information." Id.

Defendant argues in its present motion that plaintiffs failed to meet the heightened pleading requirements of Rule 9(b).  Fed. R. Civ. P. 9(b).  Rule 9(b) does not apply here. This Court has said that "[a]lthough Rule 9(b) does not govern claims of negligent misrepresentation, a plaintiff must plead negligent misrepresentation with a degree of specificity." Floyd v. Brown & Williamson Tobacco Corp., 159 F. Supp. 2d 823, 834 (E.D. Pa. 2001) citing Southern Ocean Seafood Co. v. Holt Cargo Sys., Inc., 1997 U.S. Dist. LEXIS 12159, at *11 n. 23 (E.D. Pa. Aug. 11, 1997).

I agree with plaintiffs' contention that the complaint alleges the facts necessary to disclose to defendant the nature of and grounds for the claim with a sufficient "degree of specificity."  The complaint alleges a repeated failure to detect and report the inventory discrepancies by defendant on a monthly basis for a specified period of time.  Such an omission constitutes a misrepresentation where there is a duty to disclose information, such as a fiduciary duty, as is alleged here. City of Harrisburg v. Bradford Trust Co., 621

F.Supp. 463, 473 (M.D.Pa.1985) <u>citing</u> <u>Staffin v. Greenberg</u>, 672 F.2d 1196, 1202 (3d Cir.1982).

Plaintiffs allege that defendant intended to give plaintiffs the audit information generated in its performance of the Audit Agreement with PNC Bank.  The complaint further alleges that defendant knew that the information would be received and relied upon by plaintiff businesses and that plaintiffs did rely on the allegedly misrepresented information to its detriment.  The complaint alleges also that defendant holds itself out as being an expert in the business of providing such information.  These facts are sufficiently specific to put defendant on notice of the nature of and grounds for the claim and therefore satisfy the higher "degree of specificity" required for pleading misrepresentation claims.  Further, these facts should they prove to be true would satisfy the required elements of the claim.

Therefore, because the complaint alleges sufficiently specific facts to meet the required "degree of specificity" of negligent representation claims and because the facts can be reasonably read to satisfy the elements of the claim as required under Restatement § 552 and <u>Bortz</u>, I will deny defendant's motion to dismiss Count Two of the complaint.

E.      Count Three – Professional Negligence

Plaintiffs' brief in response to defendant's motion to dismiss clearly states in the introduction that "Plaintiffs hereby voluntarily dismiss is [sic] claim for professional negligence."  The argument section of the brief contradicts this position and asserts that plaintiffs' claim for professional negligence is properly pled.  I will assume for argument's sake that plaintiffs did not intend to voluntarily dismiss this claim.

"The primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff." Althaus v. Cohen, 756 A.2d 1166, 1168 (Pa. 2000). The duty of care in a professional negligence action stems from the parties' relationship. "The Pennsylvania Supreme Court requires privity between a plaintiff and a defendant-accountant to maintain a professional negligence action." Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Assocs., 39 F. Supp. 2d 517, 523 (M.D. Pa. 1999), citing Landell v. Lybrand, 107 A. 783 (Pa. 1919).

Plaintiffs cite Coleco Industries, Inc. v. Berman, 423 F. Supp. 275, 309 (E.D. Pa. 1976), aff'd, 567 F. 2d. 569 (3rd Cir. 1977), for its holding that a duty of care can arise from the relationship between the parties based on a "bond so close as to approach that of privity." Id., quoting Ultramares Corp. v. Touche, 174 N.E. 441 (S.D.N.Y. 1931). Plaintiffs contend that this case can be analogized to Coleco, where the Court of Appeals affirmed this Court in finding defendant accounting firm liable despite lack of privity with plaintiff because defendant should have foreseen that plaintiff would rely on the financial statements prepared by the firm.

I agree with defendant that this case is factually distinguishable from Coleco. In Coleco the court based its ruling on the fact that plaintiff's use of the financial statements "was not one possibility among many, but the 'end aim of the transaction.'" 423 F. Supp. at 309. Though the complaint here avers that plaintiffs' use and reliance on defendant's audits was reasonable and foreseeable, plaintiffs do not allege that the Audit Agreement between PNC Bank and DataScan was made for the "end aim" of plaintiffs' use. Because the facts put forth in the complaint cannot be read to show that these plaintiffs'

use of the DataScan audit reports was the "end aim" of the Audit Agreement between PNC Bank and DataScan, an exception to the privity requirement is not warranted.

The Agreement itself refers in general terms to PNC Bank customers, a class that includes plaintiffs as well as other parties, and was established years before DataScan took over the task of auditing plaintiffs' businesses.  Therefore, because plaintiffs and defendant are not in privity as required by Pennsylvania law, defendant owes no duty of care to plaintiffs regarding professional negligence.  Defendant's motion to dismiss Count Three of plaintiffs' complaint will be granted.

F.      Count Four – Breach of Fiduciary Duty

Defendant's motion asserts that plaintiffs' claim for a breach of a fiduciary duty should be dismissed because defendant owed no fiduciary duty to plaintiffs.  "In order to plead a violation of fiduciary duty or confidential relationship, Plaintiff must show that such a relationship existed."  Harold v. McGann, 406 F. Supp. 2d 562, 571 (E.D. Pa. 2005).  Under Pennsylvania law such a relationship exists where the parties have "reposed a special confidence in each another to the extent that the parties do not deal with each other on equal terms."  In re Clark's Estate, 359 A.2d 777, 781 (Pa. 1976) (citations omitted).  The special confidence required of the parties can be satisfied by "an overmastering dominance on one side, or weakness, dependence or justifiable trust, on the other."  Id.

Plaintiffs suggest that I should follow the rationale of Basile v. H & R Block, 777 A.2d 95 (Pa. Super. Ct. 2001).  That case held that "those who purport to give advice in business may engender confidential relations if others, by virtue of their own weakness or inability, the advisor's pretense of expertise, or a combination of both, invest such a

level of trust that they seek no other counsel." <u>Id.</u> at 102 (citations omitted).  I find particularly useful the language of the Court of Appeals for the Seventh Circuit adopted by <u>Basile</u>: "If a person solicits another to trust him in matters in which he represents himself to be expert as well as trustworthy and the other is not expert and accepts the offer and reposes complete trust in him, a fiduciary relation is established." <u>Id.</u>, <u>citing</u> <u>Burdett v. Miller</u>, 957 F.2d 1375, 1381 (7th Cir. 1992).

Defendant contends that plaintiffs' complaint merely sets forth bald assertions that a fiduciary relationship exists.  I disagree.  The complaint alleges facts that, if accepted as true, tend to show that plaintiff businesses relied upon defendant's "pretense of expertise" to properly complete and report the results of the floor plan audits.  Based on this perceived expertise it is reasonable to infer from the facts in the complaint that plaintiffs reposed complete trust in defendant to insure compliance with its collateral requirements and that plaintiffs were justified in trusting defendant's specialized knowledge.

Because the complaint alleges sufficient facts to satisfy a reasonable factfinder that a fiduciary relationship existed between the parties, I need not consider the alternative aiding and abetting theory of relief discussed in plaintiffs' response brief.  I will deny defendant's motion to dismiss Court Four of the complaint.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRANDOW CHRYSLER JEEP          :              CIVIL ACTION.
COMPANY, et al.                :              NO. 06-5093
                               :
              v.               :
                               :
DATASCAN TECHNOLOGIES          :


**<u>ORDER</u>**

AND NOW, this 13th day of June 2007, upon consideration of defendant's motion to dismiss, plaintiffs' response, and defendant's reply thereto, and for the reasons set forth in the accompanying memorandum, defendant's motion to dismiss is GRANTED as to plaintiffs' breach of contract and professional negligence claims. Defendant's motion is DENIED as to the remaining claims.


                                        <u>s/Thomas N. O'Neill, Jr.</u>
                                        THOMAS N. O'NEILL, JR., J.