IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRANDOW CHRYSLER JEEP, et al., :
:
                         Plaintiffs :
v. :   No. 06-CV-5093
:
DATASCAN TECHNOLOGIES, :
:
                         Defendant.:

## MEMORANDUM

**O'Neill, J.**                                                             October ___, 2007

      Defendant Datascan Technologies filed a Motion for Reconsideration of Order Regarding Defendant's Motion to Dismiss Plaintiffs' Complaint. The factual background of this matter is set forth in my Memorandum entered on June 13, 2007. Plaintiffs' complaint includes claims for: breach of contract, negligent misrepresentation, professional negligence, and breach of fiduciary duty. Defendant moved to dismiss each count of the complaint. I entered an Order granting defendant's motion in part and denying it in part. (Order of June 13, 2007.) I granted defendant's motion to dismiss plaintiffs' breach of contract and professional negligence claims. I denied defendant's motion to dismiss plaintiffs' negligent misrepresentation and breach of fiduciary duty claims.

      In the instant motion defendant moves for reconsideration of my decision to deny its request to dismiss plaintiffs' breach of fiduciary duty claim. After review of the instant motion and of plaintiffs' response I will grant defendant's motion for reconsideration. Plaintiffs' claim for breach of fiduciary duty will be dismissed.

Plaintiffs have not alleged facts which if true would give rise to the existence of a fiduciary relationship between plaintiffs and defendant. In their complaint plaintiffs allege that defendant audited plaintiffs' respective inventories pursuant to an agreement between PNC and defendant. I conclude that no special or fiduciary relationship existed or could have existed between plaintiffs and defendant based upon any of defendant's alleged obligations to PNC. In EToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10 (Pa.Super.Ct. 2002) the Court held that:

> A "special relationship" is one involving confidentiality, the repose of special trust or fiduciary responsibilities. . . . It generally involves a situation where by virtue of the respective strength and weakness of the parties, one has the power to take advantage of or exercise undue influence over the other. . . . There is a crucial distinction between surrendering control of one's affairs to a fiduciary or confidant or party in a position to exercise undue influence and entering an arms length commercial agreement, however important its performance may be to the success of one's business. . . .
>
> This does not mean, however, that a fiduciary relationship arises merely because one party relies on and pays for the specialized skill or expertise of the other party. Otherwise, a fiduciary relationship would arise whenever one party had any marginally greater level of skill and expertise in a particular area than another party. Rather, the critical question is whether the relationship goes **beyond** mere reliance on superior skill, and into a relationship characterized by "overmastering influence" on one side or "weakness, dependence, or trust, justifiably reposed" on the other side. Basile v. H & R Block, 777 A.2d 95, 101 (Pa.Super.Ct. 2001). A confidential relationship is marked by such a disparity in position that the inferior party places complete trust in the superior party's advice and seeks no other counsel, so as to give rise to a potential abuse of power. Id. at 102. (emphasis in original)

EToll, Inc., at 22-23.

In the instant matter plaintiffs do not allege that they placed trust in defendant's advice or counsel. The allegations in the complaint state that defendant was retained by PNC to audit plaintiffs' inventory. There are no allegations in the complaint that plaintiffs contracted with or

2

paid defendant to perform the audits. There are no allegations in the complaint which can be construed to determine that plaintiffs had any basis for reposing confidence or trust in defendant. Nothing in the complaint supports a factual basis for determining that plaintiffs and defendant had a relationship that went beyond plaintiffs' reliance on defendant's superior skill. Plaintiffs can prove no set of facts that would entitle them to relief on their breach of fiduciary claim. Therefore defendant's motion for reconsideration will be granted.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDOW CHRYSLER JEEP, et al., : | |
| : | |
| Plaintiffs : | |
| v. : | No. 06-CV-5093 |
| : | |
| DATASCAN TECHNOLOGIES, : | |
| : | |
| Defendant. : | |

### ORDER

AND NOW this 2 day of October 2007 upon consideration of defendant Datascan's Motion for Reconsideration of Order Regarding Defendant's Motion to Dismiss Plaintiffs' Complaint and plaintiff's response thereto, and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that defendant's motion is GRANTED. Plaintiffs' claim for breach of fiduciary duty is DISMISSED.

BY THE COURT:

_____
THOMAS N. O'NEILL, JR., J.